UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF NEVADA, ex rel CHERYLE KERR,<br><br>Plaintiff,<br><br>vs.<br><br>APS HEALTHCARE, INC., INNOVATIVE RESOURCE GROUP, LLC D/B/A/ APS HEALTHCARE MIDWEST, and APS HEALTHCARE BETHESDA, INC.,<br><br>Defendants. | Case No. 2:11-cv-01454-MMD-GWF<br><br>~~PROPOSED~~ AGREED CONFIDENTIALITY AND PROTECTIVE ORDER |

By agreement of the parties, as evidenced by their respective undersigned counsel, the following Agreed Confidentiality and Protective Order ("Protective Order") is entered with respect to all confidential information produced in the above-captioned action (the "Litigation").

The following is hereby ORDERED:

1.  This Protective Order shall apply to certain documents, or portions thereof, and the information contained therein, which any person or entity designates as "Confidential" or "Highly Confidential" (collectively referred to herein as "Protected Information") in the manner described below.

2.  Subject to the limitations set forth in this Protective Order, the producing party may designate as "Confidential" any type of information that the producing party, in good faith, believes contains confidential information.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

3. The producing party may designate as "Highly Confidential" confidential research, development, or commercial information which is so proprietary or competitively sensitive that there is a reasonable likelihood that its disclosure might cause irreparable competitive injury, including but not limited to business, financial, and marketing plans having current or future applicability.

4. Protected Information shall also include "Protected Health Information" ("PHI") as defined by the Health Information Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, *et seq*. PHI shall be treated as confidential under the terms of this Order and shall be marked "CONFIDENTIAL PROTECTED HEALTH INFORMATION" or "CONFIDENTIAL PHI." A document containing PHI shall be produced unredacted. If a party encounters a document that has been produced that the party reasonably believes contains PHI and has not been marked in accordance with this paragraph, the party shall notify the party producing such documents so that appropriate actions may be taken under the provisions of this Order. Pursuant to HIPAA, a covered entity is permitted to disclose PHI in the course of a judicial proceeding if certain "satisfactory assurances" are received. This Protective Order hereby provides the requisite satisfactory assurances under HIPAA regarding documents and testimony. *See* 45 C.F.R. § 164.512(e)(1)(iv).

5. Documents or portions thereof may be designated "Confidential" or "Highly Confidential" by the producing person or entity by:

(a) Marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of the documents and on each successive page containing confidential information;

(b) Indicating to undersigned counsel of record, in writing and with as much specificity as is practicable, that a certain document or category of documents, or any portion thereof, shall be deemed confidential or highly confidential; or

(c) Employing any other reasonable method agreed to by the parties.

In the event the producing party inadvertently fails to designate a document or testimony as Protected Information, that producing party may make such a designation subsequently by promptly notifying the other parties in writing. Until such notification, however, disclosure of any such document or testimony shall not constitute a violation of this Protective Order.

6. The protections conferred by this Protective Order cover not only Protected Information, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties in hearings or other settings that might reveal confidential information or PHI.

7. To the extent that material stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Electronically Stored Data" or "ESI") is produced by any person or entity in such form, the producing person or entity may designate such material as Protected Information, if the requirements of Paragraph 1 above are met, by cover letter referring generally to such material or by marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the media on which the Protected Information is produced. Whenever any person to whom ESI designated as Protected Information is produced reduces such material to hard-copy form, such person shall mark such hard-copy material with the legend provided for in Paragraph 5 above.

8. Protected Information designated as "Confidential" shall only be used for purposes of this Litigation and for no other purpose whatsoever except as otherwise permitted by this Protective Order or required by law, and may be disclosed only to the following persons:

(a) counsel of record and their respective employees and support personnel;

(b) the receiving party, including any officers, directors, or employees thereof assisting in the preparation for trial or appeal of this action;

(c)     experts and consultants of the parties, and the employees of such experts and consultants, retained or consulted by counsel of record for any party for the sole purpose of assisting counsel in the Litigation;

(d)     any person from whom noticed testimony is taken in this Litigation;

(e)     employees of copying, imaging, translation and computer services for copying, imaging, translating or organizing documents;

(f)     the Court and court employees, court reporters and stenographers;

(g)     any person indicated on the face of a document or accompanying cover letter, email or other communication to be the author, addressee or a copy recipient of the document, or, in the case of meeting or teleconference minutes, an attendee of the meeting or participant in the teleconference; and

(h)     any deponent in the course of a deposition in this Litigation.

9.     Protected Information designated as "Highly Confidential" shall only be used for purposes of this Litigation and for no other purpose whatsoever except as otherwise permitted by this Protective Order or required by law, and may be disclosed only to the following persons:

(a)     counsel of record and their respective employees and support personnel to whom it is necessary that the "Highly Confidential" information be shown for purposes of this litigation;

(b)     experts and consultants of the parties, and the employees of such experts and consultants, retained or consulted by counsel of record for any party for the sole purpose of assisting counsel in the Litigation;

(c)     any person from whom noticed testimony is taken in this Litigation;

(d)     employees of copying, imaging, translation and computer services for copying, imaging, translating or organizing documents;

(e)     the Court and court employees, court reporters and stenographers; and

(f)     any person indicated on the face of a document or accompanying cover letter, email or other communication to be the author, addressee or a copy recipient

of the document, or, in the case of meeting or teleconference minutes, an attendee of the meeting or participant in the teleconference.

10. Protected Information shall not be disclosed to any person referred to in Subparagraphs 8(c), 8(e), 8(h), 9(b), and 9(d) unless and until such person has read and agreed to be bound by the terms and conditions of this Protective Order. Counsel shall ensure that all personnel referred to in Subparagraphs 8(c), 8(e), 8(h), 9(b), and 9(d) are familiar with this Protective Order and shall instruct such personnel that they are bound by the terms thereof. The attached Exhibit A, Nondisclosure Agreement, shall be signed by the above-referenced personnel before they are granted access to Protected Information. If multiple personnel from a single company or firm are to be granted access to Protected Information, the signature of one shall comply with this Protective Order and shall bind all such personnel.

11. The persons governed by this Protective Order shall not disclose or otherwise use the Protected Information or the information contained in the Protected Information, except in connection with this Litigation and pursuant to the terms set forth herein. Protected Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

12 All persons governed by this Protective Order, by reviewing Protected Information, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Protective Order, or for any action for contempt for violation of the terms of this Protective Order.

13. Any nonparty from whom discovery is sought must be informed of, and may obtain the protection of, this Protective Order. The party seeking discovery must give a copy of this Protective Order to non-parties from whom discovery is sought. The nonparty may invoke the terms of this Protective Order by so advising the parties to the Litigation in writing or by asserting such protections on the record during any deposition or similar proceeding. Any such nonparty shall have standing to appear in the Litigation in order to

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-5-

file motions and oppose motions, as necessary, to protect such nonparty's rights in its information.

14. A party may designate as Protected Information any information contained in documents that are in the possession of a nonparty, from whom discovery is sought, if that party believes, in good faith, that the documents contain the party's confidential information.

15. The procedures for use of Protected Information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove identifiable patient identifiers or other confidential information, request the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other confidential information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and Medicaid identification numbers associated with the names of individual patients or other individuals have been removed. No party shall disclose PHI in open Court without consent of the Court.

16. Any party may designate the portion of a deposition transcript (including exhibits) that contains Protected Information with a statement to such effect on the record in the course of the deposition. The party may so advise the reporter. In addition, counsel for a party shall be permitted in good faith to designate those portions of the transcript and exhibits containing Protected Information as confidential within thirty (30) days of receipt of the transcript of such deposition. Until such time, all parties shall treat the deposition as Protected Information.

17. If any party to the Litigation disputes the designation of any document, information or deposition transcript as Protected Information, the parties shall attempt to resolve by agreement the question whether or on what terms the document is entitled to confidential or highly confidential treatment. If the parties are unable to agree as to whether the document or deposition transcript is properly designated as Protected

Information, counsel for the party objecting to the designation may file an appropriate motion with the Court, seeking an order determining that the person or entity seeking confidentiality is not entitled to treat the document or deposition transcript as confidential or highly confidential. The burden rests upon the person or entity seeking confidentiality to demonstrate that such designation is proper. Until a final resolution of the dispute is achieved either through consent or court order, all parties shall treat the designated documents or deposition transcripts as Protected Information.

18. Nothing in this Protective Order shall prevent any person or entity from using or disclosing its own documents or information.

19. A person's compliance with the terms of this Protective Order shall not operate as an admission that any particular document is or is not (a) confidential or highly confidential, (b) privileged or (c) admissible in evidence at trial.

20. This Protective Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter. Except as otherwise provided herein, Protected Information, including any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties in hearings or other settings that might reveal confidential information or PHI, shall be returned to the producing person or entity or destroyed within sixty (60) days of the conclusion of the Litigation, whether by settlement, judgment or otherwise. Except as otherwise provided herein, each person or entity shall provide the producing person or entity, within sixty (60) business days of the conclusion of the Litigation, a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed. Notwithstanding the above provisions, counsel of record shall be permitted to keep one copy of all deposition transcripts, court filings, and attorney generated documents referring to Protected Information for archival purposes, provided that such documents are viewed only by the attorneys and not by the parties themselves or any other individual and treated as confidential in accordance with this Protective Order.

21. Any person in possession of Protected Information who receives a subpoena (or other process) from any person or entity that is not a party to this Protective Order seeking production or other disclosure of such Protected Information shall promptly give telephonic notice and written notice by overnight delivery, hand delivery and/or facsimile to counsel for the person or entity who produced and/or designated the materials as confidential identifying the materials sought and enclosing a copy of the subpoena or other process. Such notice shall be given at least ten (10) business days before any production or other disclosure. The party receiving the subpoena (or other process) shall object to the production on the basis of this Protective Order and shall make a good faith effort to afford the producing party or nonparty an opportunity to be heard by the person or entity issuing the subpoena (or other process). The party receiving the subpoena (or other process) shall not produce any Protected Information in its possession unless ordered by a Court. Notwithstanding the above provision, nothing herein shall require any party receiving a subpoena to disobey any Court Order or to file any motion opposing the subpoena.

22. This Protective Order may be modified or amended by order of the Court for good cause shown or by agreement of the parties.

23. Nothing in this Protective Order shall preclude the parties from entering a subsequent protective order with regard to documents to be filed with the Court under seal.

24. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving notice from the producing person or entity that such materials, including copies or summaries thereof, have been produced, all such materials and any copies thereof shall be returned to the producing person or entity within five (5) business days of receipt of such notice, and any notes made therefrom shall be destroyed. Just as a party has the right to designate materials as Confidential or Highly Confidential in accordance with paragraph 5, a party shall have the right to designate materials as subject to a claim of privilege or protection

1  should another party or entity produce documents subject to the designating party's
2  privilege or protection.
3      25.   The production of any documents without the confidentiality legend which
4  should have been so designated shall not be deemed a waiver of the right to designate such
5  materials as Confidential or Highly Confidential in accordance with paragraph 5.
6      26.   In the event that any person or party subject to this Protective Order violates
7  or threatens to violate any term or condition herein, the party whose interests in
8  confidentiality are at risk may immediately apply to the Court to obtain injunctive relief.
9  In any such proceeding, no person or entity subject to this Protective Order shall assert as a
10 defense that the other party possesses an adequate remedy in equity or at law.

IT IS SO ORDERED.

ENTERED this __13th__ day of _____May_____, 2013.

_____*George Foley Jr.*_____
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

LEWIS AND ROCA, LLP

  */s/ Ann-Martha Andrews*
Ann-Martha Andrews, Esq..
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV  89169

Richard L. Shackelford
(admitted *pro hac vice*)
James W. Boswell, Esq.
(admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309-3521

*Attorneys for Defendant APS Healthcare Inc.,
Innovative Resource Group, LLC D/B/A APS Healthcare
Midwest, and APS Healthcare Bethesda, Inc.*

ASHCRAFT & GEREL, LLP

　/s/ Jamie M. Bennett
Jamie M. Bennett
(admitted *Pro Hac Vice*)
Nathan M. Peak
(admitted *Pro Hac Vice*)
4301 Garden City Drive
Suite 301
Landover, MD 20785

Key Reid, Esq.
THE REID FIRM, LLC
2370 Corporate Circle Drive,
3rd Floor
Henderson, Nevada 89074

*Attorneys for Plaintiff-Relator Cheryle Kerr*

# EXHIBIT A

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF NEVADA, ex rel CHERYLE KERR,<br><br>Plaintiff,<br><br>vs.<br><br>APS HEALTHCARE, INC., INNOVATIVE RESOURCE GROUP, LLC D/B/A/ APS HEALTHCARE MIDWEST, and APS HEALTHCARE BETHESDA, INC.,<br><br>Defendants. | Case No. 2:11-cv-01454-MMD-GWF |

I hereby certify that I have read and am familiar with the terms and conditions contained in the Protective Order entered by the Court on the _____ day of _____, 2013, in the above-captioned case, and agree to be bound by the terms and conditions thereof.

_____
Name (print or type)

_____
Company (if not a party)

_____
Position/Title (if not a party)

_____
Business Address (if not a party)

_____
Date

_____
Signature

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-1-