Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

Ann-Martha Andrews, State Bar No. 007585
Direct Dial: 602.262.5707
Direct Fax: 602.734.3764
EMail: AAndrews@LRRLaw.com

RICHARD L. SHACKELFORD, Georgia Bar No. 636825
Admitted Pro Hac Vice
JAMES W. BOSWELL, Georgia Bar No. 069838
Admitted Pro Hac Vice
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
rshackelford@kslaw.com
jboswell@kslaw.com
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Attorneys for Defendants
APS Healthcare, Inc., Innovative Resource Group, LLC, and APS Healthcare Bethesda, Inc.

LEWIS ROCA ROTHGERBER
40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA and the STATE OF NEVADA, ex rel CHERYLE KERR,

Plaintiff,

vs.

APS HEALTHCARE, INC., INNOVATIVE RESOURCE GROUP, LLC D/B/A/ APS HEALTHCARE MIDWEST, and APS HEALTHCARE BETHESDA, INC.,

Defendants.

Case No. 2:11-cv-01454-MMD-GWF

**JOINT MOTION TO STAY DISCOVERY PENDING SETTLEMENT DISCUSSIONS**

Plaintiff/Relator, Cheryle Kerr, and Defendants APS Healthcare, Inc., Innovative Resource Group, LLC d/b/a Healthcare Midwest, and APS Healthcare Bethesda, Inc. ("Defendants") (collectively, "the parties"), by and through their undersigned counsel, hereby respectfully move to stay discovery for 30 days while the parties engage in settlement discussions. As shown below, good cause exists for a temporary stay of discovery in this instance because it would prevent unnecessary expenses and further the interests of judicial economy.

LEWIS ROCA ROTHGERBER
40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429

**I. BACKGROUND**

Pursuant to this Court's Scheduling Order (Docket No. 58), the current deadline to disclose liability experts is November 22, 2013; the current deadline to complete liability discovery is January 23, 2014; the current deadline to file motions for summary judgment is February 24, 2014; and the current deadline to complete damages discovery is 60 days after the Court's ruling on the applicable motions for summary judgment. Discovery is ongoing as of the date of this motion, with nearly ten depositions scheduled to be completed before the end of 2013 in various locations across the United States.

The parties have recently reopened discussions to settle this matter. To avoid unnecessary costs to both parties that would result from completion of expert reports and depositions while the parties are actively engaged in settlement negotiations, and to further the interests of judicial economy, the parties agree to stay discovery for 30 days pending settlement discussions. If the parties are unable to reach a settlement agreement at the end of the 30 day period, the parties propose to submit to the Court a revised scheduling order setting forth new discovery deadlines.

**II. ARGUMENT**

It is well-established that "[a] district court has wide discretion in controlling discovery." *ArrivalStar S.A. and Melvino Techs. Ltd. v. Blue Sky Network, LLC, et al.*, No. cv-11-4479-SBA, 2012 U.S. Dist. LEXIS 22316, at *3 (N.D. Cal. Feb. 22, 2012) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). The court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). The avoidance of needless discovery, which would be "a waste of time, effort, and resources for counsel and the litigants, and might in fact chill an appropriate resolution of this matter," constitutes good cause to justify a stay of discovery pending settlement discussions. *ArrivalStar S.A.*, 2012 U.S. Dist. LEXIS at *4 (internal citations omitted) (staying discovery pending the parties' completion of mediation). Temporarily staying discovery

LEWIS ROCA ROTHGERBER
40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429

in this instance "will conserve the resources of the parties and will not impose an inequity on any party." *Id.*

This consent motion is made in good faith and not for the purpose of delay.

**III. CONCLUSION**

For the foregoing reasons, the parties respectfully request the Court to exercise its discretion and enter an order staying discovery for 30 days pending ongoing settlement discussions between the parties. At the conclusion of the 30 day period, if the parties have not reached a settlement agreement, the parties will submit for the Court's approval a revised scheduling order.

RESPECTFULLY SUBMITTED this 15th day of November, 2013.

By: /s/ Jamie M. Bennett
Jamie M. Bennett, Esq.
Admitted *Pro Hac Vice*
Nathan M. Peak
Admitted *Pro Hac Vice*
ASHCRAFT & GEREL, LLP
4301 Garden City Drive
Suite 301
Landover, MD 20785
Telephone: (301) 459-8400
Fax: (301) 459-1364
jbennett@ashcraftlaw.com
npeak@ashcraftlaw.com

AND

Key G. Reid, Esq.
Nevada Bar. No. 7151
The Reid Firm, LLC
2370 Corporate Circle Drive, 3rd Floor
Henderson, Nevada 89074
key@reidfirmlv.com

*Counsel for Plaintiff/Relator*

By: /s/ Ann-Martha Andrews
Ann-Martha Andrews, Esq.
Nevada Bar. No. 7585
Lewis and Roca, LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169

AND

Richard L. Shackelford, Esq.
Admitted *Pro Hac Vice*
James W. Boswell, Esq.
Admitted *Pro Hac Vice*
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521

*Counsel for Defendants*

**IT IS SO ORDERED.**

George Foley Jr.
**United States Magistrate Judge**

**Dated:** November 18, 2013



3972586.1